DISTRICT ATTORNEY — DUTIES AND RESPONSIBILITIES AS REGARDS DEPENDENT AND NEGLECTED CHILDREN Former Opinion No. 67-331 has been superseded by the enactment of 10 O.S. 1103 [10-1103](a) (1971) wherein the District Attorney has the authority, as any other person does, to inform the Court when he considers a child to be within the purview of this act. Former Opinion No. 67-331 is reaffirmed in that the District Attorney has no duty or obligation to prepare and prosecute such an action until and unless the Court shall request the aid of the District Attorney. The Attorney General is in receipt of your letter wherein you, in effect, ask the following question: "Have the responsibilities of the District Attorney in regards to dependent and neglected children, been modified by the enactment of 10 O.S. 1109 [10-1109](e) (1971) and is opinion No. 67-331 still an accurate statement of the duties of the District Attorney?" Title 10 O.S. 1103 [10-1103](a) (1971), states: "Whenever any person informs the Court that a child is within the purview of this act, the Court shall make a preliminary inquiry to determine whether the interest of the public or of the child require that further action be taken. Thereupon, the Court may make such informal adjustment as is practicable without a petition, or may authorize a petition to be filed by any person." This Section allows the District Attorney or any other person to inform the Court of a child who may be subject to the provisions of this Act. Therefore, Opinion No. 67-331 has been in part superseded by the statute, for there the Attorney General held that: "We are unable to find therein any duty or authority on the part of the District Attorney and his assistants to bring any action to terminate the rights of a parent to a child." The above portion of the 1967 opinion is no longer appropriate, for the District Attorney now has the authority to act, just as any other person has the authority to act, in the manner prescribed in Section 10 O.S. 1103 [10-1103](a) quoted herein. However, the duty of the District Attorney and his associates to act remains the same as established in Opinion No. 67-331. Duty has been defined as the obligation to do an act, and when the Attorney General found no such obligation he was stating the law applicable in 1967 and properly interpreting the law as it stands today. Title 10 O.S. 1109 [10-1109](c) (1971), states: "Upon the request of the Court, the District Attorney shall pre pare and prosecute any case or proceeding within the purview of this act." This section imposes the duty to act upon the District Attorney, but there is a condition precedent, i.e., the Court is required to request the District Attorney to act, and such a condition precedent destroys the duty or obligation or responsibility of the District Attorney to make an independent determination of the need to prepare and prosecute a case under the purview of this statute, therefore when the District Attorney acts only upon request of another, he obviously lacks the authority to initiate the action, hence, he has no duty to act. It should be remembered that the District Attorney has different duties involving a criminal charge against the juvenile and the above discussion does not deal with those duties or responsibilities. It is therefore the opinion of the Attorney General that your question be answered thusly: Former opinion No. 67-331 has been superseded by the enactment of 10 O.S. 1103 [10-1103](a) (9171) wherein the District Attorney has the authority, as any other person does, to inform the Court when he considers a child to be within the purview of this act. Former opinion No. 67-331 is reaffirmed in that the District Attorney has no duty or obligation to prepare and prosecute such an action until and unless the Court shall request the aid of the District Attorney. (Paul Crowe)